## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **LINDA HILTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **1:10-CV-00010** |
| | ) | |
| **AMERICA'S SERVICING CO., and** | ) | |
| **US BANK NATIONAL** | ) | |
| **ASSOCIATION, AS TRUSTEE** | ) | |
| **FOR THE STRUCTURED ASSET** | ) | |
| **INVESTMENT TRUST 2006-4,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants America's Servicing Company ("ASC") and US Bank National Association ("US Bank") (collectively, "Defendants") answer Plaintiff Linda Hilton's ("Plaintiff") Complaint as follows:

## INTRODUCTION

1.     Defendants deny Plaintiff is entitled any relief under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq*., or to any relief whatsoever.   Defendants deny the remaining averments contained in this paragraph.

1

2.      Defendants deny Plaintiff is entitled to any relief under the Truth-in-Lending Act ("TILA), 15 U.S.C. § 1640 *et seq*., 12 CFR § 226.23, or to any relief whatsoever.

## JURISDICTION AND VENUE

3.      Defendants do not dispute that venue and jurisdiction are proper in this Court.

## THE PARTIES

4.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

5.      Admitted.

6.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

## FACTUAL ALLEGATIONS

7.      Admitted.

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

9.      Defendants state that the Note is a legal document that speaks for itself.

10.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

15.     ASC admits it sent Plaintiff a "Notice of Expiration of Insurance." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

16.     ASC admits that it sent Plaintiff notice that it had placed insurance on her property.

17.     ASC admits it placed homeowners' insurance on Plaintiff's property effective March 10, 2008.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

18.     Denied.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

20.     Denied.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

23.     Denied.

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

25.     Plaintiff's insurance policy with Lloyd's of London is a document which speaks for itself.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

29.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

31.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

32.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

33.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

34.    Defendants are without sufficient knowledge or information to either admit or deny this allegation.

35.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

36.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

37.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

38.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

39.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

40.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

41.    Defendants admit Plaintiff received the letter marked as Exhibit F. Defendants are without sufficient knowledge or information to either admit or deny the remaining allegations.

42.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

43.    Defendants admit that Plaintiff received the letter marked as Exhibit H.  Defendants deny the remaining allegations in the paragraph.

44.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

45.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

46.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

47.    Defendants admit that ASC refunded $821.02 to Plaintiff's account ending in 8629 at Plaintiff's request.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

48.    Denied.

49.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

50.    Defendants admit $821.02 was withdrawn from Plaintiff's account on January 20, 2009.

51.    Denied.

52.    Defendants admit Plaintiff was 30 days late on her December payment.  Defendants deny the remaining allegations in this paragraph.

53.    Denied.

54.    Defendants admit Plaintiff sent the letter marked as Exhibit L. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

55.    Admitted.

56.    Defendants admit ASC denied an escrow waiver for Plaintiff. Defendants deny any remaining allegations in this paragraph.

57.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

58.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

59.    Defendants admit ASC sent Plaintiff a "Deficiency Advance Notice." Defendants deny any remaining allegations in this paragraph.

60.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

61.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

62.     Defendants admit that Plaintiff sent a request for information to ASC. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

63.     Defendants admit that information identifying the Plaintiff, her loan account number and the location of the property were included in the request for information to ASC.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

64.     Exhibit O is a document which speaks for itself.  Defendants deny any remaining allegations in this paragraph.

65.     Denied.

66.     Admitted.

67.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

68.     Denied.

69.     Denied.

70.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

71.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

72.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

## COUNT I

73.     Defendants incorporate each proceeding paragraph as it if fully set forth herein.

74.     This paragraph contains no factual allegations therefore no response is required.

75.     This paragraph states a legal conclusion that does not call for an answer from Defendants.   To the extent that Court deems otherwise, these allegations are denied.

76.     This paragraph states a legal conclusion that does not call for an answer from Defendants.   To the extent that Court deems otherwise, these allegations are denied.

77.     Denied.

78.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

79.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

80.    Denied.

81.    Denied.

82.    Denied.

Defendants deny Plaintiff is entitled to any of the relief requested in the addendum clause to Count One of Plaintiff's Complaint, or to any relief whatsoever.

## <u>COUNT II</u>

83.    Defendants incorporate each proceeding paragraph as it if fully set forth herein.

84.    This paragraph contains no factual allegations therefore no response is required.

85.    This paragraph states a legal conclusion that does not call for an answer from Defendants.    To the extent that Court deems otherwise, these allegations are denied.

86.    This paragraph states a legal conclusion that does not call for an answer from Defendants.    To the extent that Court deems otherwise, these allegations are denied.

87.    This paragraph states a legal conclusion that does not call for an answer from Defendants.    To the extent that Court deems otherwise, these allegations are denied.

88.    Denied.

89.    Denied.

Defendants deny Plaintiff is entitled to any of the relief requested in the addendum clause to Count Two of Plaintiff's Complaint, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Some or all of Plaintiff's allegations fail to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred under the doctrine of estoppel.

### Third Affirmative Defense

Plaintiff's claims are barred by the doctrine of laches.

### Fourth Affirmative Defense

Plaintiff's claims are barred by *res judicata* and collateral estoppel.

### Fifth Affirmative Defense

Plaintiff's claims are barred by the applicable statutes of limitation.

### Sixth Affirmative Defense

Plaintiff waived the right to some or all of the relief demanded.

## Seventh Affirmative Defense

Plaintiff failed to mitigate her damages.

## Eighth Affirmative Defense

There is a lack of causal relation between any action by Defendants and any alleged damage claimed by Plaintiff.

## Ninth Affirmative Defense

Plaintiff's claims are barred by the doctrine of ratification.

## Tenth Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

## Eleventh Affirmative Defense

Plaintiff's damages were either caused by her, or persons acting on her behalf's, negligence, in whole or in part, or by other intervening or supervening causes which were beyond Defendants' control and responsibility.

## Twelfth Affirmative Defense

Defendants are entitled to setoff and recoupment.

## Thirteenth Affirmative Defense

Plaintiff's claims are barred by the doctrines of accord and satisfaction.

## Fourteenth Affirmative Defense

Defendants deny that Plaintiff is entitled to any equitable relief because Plaintiff has an adequate remedy at law.

### Fifteenth Affirmative Defense

Plaintiff assumed all risks.

### Sixteenth Affirmative Defense

Defendants complied with all applicable mortgage servicing regulations, guidelines, and agreements.

### Seventeenth Affirmative Defense

Plaintiff's claims are barred and/or limited by their failure to comply with the subject loan and/or mortgage contract.

### Eighteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the failure or refusal to provide notice and opportunity to cure.

### Nineteenth Affirmative Defense

Plaintiff's claims are barred or limited by limitations of rights and remedies contained in the subject contracts.

### Twentieth Affirmative Defense

Defendants' alleged acts were taken in good faith pursuant to its lawful rights.

### Twenty-First Affirmative Defense

Defendants deny any allegation of Plaintiff's Complaint that is not expressly admitted above.

## Twenty-Second Affirmative Defense

Defendants seek an award of attorneys' fees pursuant to 12 U.S.C. § 2607(d)(5) and plead all affirmative defenses set forth in the RESPA.

## Twenty-Third Affirmative Defense

Defendants plead all affirmative defenses set forth in the TILA.

## Twenty-Fourth Affirmative Defense

Defendants plead that Plaintiff materially breached the subject contract.

## Twenty-Fifth Affirmative Defense

Defendants reserve the right to amend or supplement these affirmative defenses based upon discovery of new or additional information.


/s/  D. Keith Andress
D. KEITH ANDRESS
MARIANNE H. COMBS

Attorneys for Defendants America's Servicing Company and U.S. Bank National Association

**OF COUNSEL:**
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, PC
Wachovia Tower, Suite 1600
420 Twentieth Street North
Birmingham, Alabama 35203
Telephone:  (205) 328-0480
Facsimile:   (205) 322-8007

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon the following via this Court's electronic filing system and/or First Class United States Mail, properly addressed and postage prepaid, on February 5, 2010:

John W. Sharbrough, III
John W. Sharbrough, III, P.C.
75A Saint Michael Street
Mobile, AL 36602-3816

/s/ D. Keith Andress
Of Counsel