IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LINDA HILTON,                  :

    Plaintiff,              :

vs.                            :       CA 10-0010-KD-C

AMERICA'S SERVICING CO.,       :
et al.,
                               :
    Defendants.

RULE 16(b) SCHEDULING ORDER

    After consideration of the Fed.R.Civ.P. 26(f) report (Doc. **12**), filed March 24, 2010, as well as the pleadings of the parties, the following scheduling order is entered pursuant to Fed.R.Civ.P. 16(b):

    1.    ISSUES SUBJECT TO DISCOVERY.  Those specific discovery issues identified by the parties in paragraph 3 of their Rule 26(f) report are the only issues subject to discovery.

    2.    DISCOVERY COMPLETION DATE.  All discovery is to be completed on or before **November 25, 2010**.  **Requests for extension will be viewed with great disfavor and will not be considered except upon a showing (1) that extraordinary circumstances require it and (2) that the parties have diligently pursued discovery.**

    For all actions, "completed" means that all depositions have been taken; interrogatories, requests for admissions, and requests for

production filed and responded to; physical inspections and testing concluded; physical and mental examinations concluded; and motions to compel filed.

     3.    INITIAL DISCLOSURES. The initial disclosures required by Fed.R.Civ.P. 26(a)(1) shall be exchanged not later than **April 8, 2010.**

     4.    AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES. Motions for leave to amend the pleadings and to join other parties must be filed not later than **July 7, 2010.**

     5.    EXPERT TESTIMONY. The expert reports as required by Fed.R.Civ.P. 26(a)(2)(B) shall be produced by plaintiff on or before **September 24, 2010** and by defendant on or before **October 29, 2010.** Rebuttal evidence, authorized by Rule 26(a)(2)(C), shall be disclosed on or before **October 29, 2010** by defendant and **November 29, 2010** by plaintiff. **An expert's deposition, if taken, must be noticed and completed within thirty (30) days of the date on which the expert's report is disclosed.**

**All challenges to expert witnesses, including *Daubert* motions, must be filed in advance of the Final Pretrial Conference and not later than February 24, 2011.**

     6.    PRETRIAL DISCLOSURES. The time for **disclosing** the information required by Fed.R.Civ.P. 26(a)(3) shall be **February 24, 2011.**

     7.    SUPPLEMENTATION. Supplementation of disclosures and responses as required by Fed.R.Civ.P. 26(e) is to be accomplished "at appropriate intervals" and "seasonably", but not later than **December 23, 2010.** In this case, the Court deems monthly supplementation as an appropriate interval.

     8.    FINAL PRETRIAL CONFERENCE. This action shall be pretried by Judge Kristi K. DuBose, on **March 10, 2011 at 10:30 a.m., in Mobile, Alabama.** Requests for extending the convening of the pretrial

conference **will be granted only if good cause for the extension has been exhibited.  A COPY OF JUDGE DuBOSE'S STANDING ORDER GOVERNING HER FINAL PRETRIAL CONFERENCES IS ATTACHED.  NO ADDITIONAL NOTICES REGARDING THE FINAL PRETRIAL CONFERENCE WILL BE NECESSARY.**

     9.    TRIAL DATE. This action is set for jury selection on **April 5, 2011**, at **8:45 a.m.** in Mobile, Alabama. The trial will be set during the month of **April, 2011**, and the parties have estimated that it will require less than five (5) trial days.

     10.    DISCOVERY LIMITS.  Discovery is limited as follows:

     a.    Not more than **35** interrogatories, including all discrete subparts, may be served by each party upon any other party.  Responses are due within thirty (30) days of service;

     b.    Not more than **8** depositions may be taken by each party, limited in duration to seven (7) hours unless extended by agreement of the parties;

     c.    Not more than **two set(s) of** requests for admissions, not to exceed 40, including all discrete subparts, may be served by each party upon any other party.  Responses are due within thirty (30) days of service;

     d.    Not more than **two set(s) of** requests for production of documents, not to exceed 30, including all discrete subparts, may be served by each party upon any other party.  Responses are due within thirty (30) days of service.  **Subpoenas duces tecum to a party ordering such party to produce documents or things at trial shall not be used to circumvent the limitations placed on discovery.**

In applying these limits, all parties represented by the same counsel will be treated as a single party.

     11.    DISCOVERY MOTIONS.  The following requirements

3

pertain to discovery motions filed in this Court:

    a.    <u>Conferencing by Counsel</u>.  The conferencing requirement of Rules 26(c)(1), 37(a)(1), and 37(d)(1)(B), Fed.R.Civ.P., will be strictly enforced.  This requirement will also apply to a motion for physical and mental examination pursuant to Fed.R.Civ.P. 35(a) and a motion to determine sufficiency pursuant to Fed.R.Civ.P. 36(a).  Any such motion not containing the required certification will be stricken.[1]

    b.    <u>Time of Filing; Form</u>.  A motion for protective order pursuant to Fed.R.Civ.P. 26(c), a motion for physical and mental examination pursuant to Fed.R.Civ.P. 35(a), a motion to determine sufficiency pursuant to Fed.R.Civ.P. 36(a), and a motion to compel pursuant to Fed.R.Civ.P. 37 shall be brought in a timely manner so as to allow sufficient time for the completion of discovery according to the schedule set by the Court.  Any such motion shall quote <u>in</u> <u>full</u> (1) each interrogatory, request for admission or request for production to which the motion is addressed, <u>or</u> otherwise identify specifically and succinctly the discovery to which objection is taken or from which a protective order is sought, and (2) the response or the objection and grounds therefor, if any, as stated by the opposing party.  Unless otherwise ordered by the Court, the complete transcripts or discovery papers are <u>not</u> to be filed with the Court

---

[1] Based on the undersigned's experience with the different interpretations practitioners have given to the mandate that they make a good faith effort to resolve discovery disputes before bringing them before the Court, some guidance is deemed necessary.  All three referenced sections of the Federal Rules of Civil Procedure employ the same language, that the motions be accompanied by a certification that the movant "has in good faith conferred or attempted to confer" with other affected parties or persons, prior to seeking the Court's help in resolving discovery disputes.  In this context, confer means "to have a conference; compare and exchange ideas;  meet for discussion; converse."  *Webster's New World Dictionary* (College Edition, 1968). A conference is  "[a] meeting of several persons for deliberation, for the interchange of opinion, or for the removal of differences or disputes."  *Black's Law Dictionary*, Rev. 4th ed. (1968).   Therefore, simply corresponding with opposing counsel is not considered a good-faith attempt to confer or have a conference to resolve discovery disputes.

unless the motion cannot be fairly decided without reference to the complete original.

       c.     <u>Time for Responses</u>. Unless within fourteen (14) days after the filing of a discovery motion the opposing party files a written response thereto, the opportunity to respond shall be deemed waived and the Court will act on the motion.  Every party filing a response shall file with the response a memorandum of law, including citations of supporting authorities and any affidavits and other documents setting forth or evidencing facts on which their response is based.

       d.     <u>Privilege or Protection of Trial Preparation Materials</u>. The provisions of Fed.R.Civ.P. 26(b)(5) will be strictly enforced in those rare situations in which privilege or work product protection is invoked. Rule 26(b)(5) information shall be disclosed in a "privilege log" served with the objections to production.  The "privilege log" shall, at a minimum, contain the facts suggested in paragraphs K (pages 8-11) of the <u>Introduction to Civil Discovery Practice in the Southern District of Alabama</u>, Civil Discovery Committee (1998) (distributed by the Clerk with the Local Rules).

    12.   **DISPOSITIVE MOTIONS**.  The Court considers dispositive motions, particularly summary judgment motions, to be appropriate methods for pretrial resolution of claims or defenses, or portions thereof, that do not contain disputed material facts, thus reducing the triable issues. In order to ensure that these issues are presented in sufficient time for the Court to reach a decision prior to trial, the parties **shall** identify those claims or defenses that do not require a trial in a properly-supported dispositive motion, filed not later than **December 8, 2010.**

    13.   <u>BRIEFS; LETTERS; COURTESY AND DUPLICATE COPIES; FAXING OF DOCUMENTS</u>.

       a.     A brief filed in support of or in opposition to any motion shall not exceed thirty (30) pages in length and a reply brief by movant shall not exceed fifteen (15) pages in length.  Attachments to a brief

do not count toward the page limitation.  See LR 7.1(b).

   b. An application to the Court for an order shall be by motion, not by letter.  See Fed.R.Civ.P. 7(b).  Any objection or response to a motion or to any other matter is to be done in a properly-styled and captioned paper, not by letter.  See LR 5.1(d).

   c. Except as otherwise provided herein, courtesy copies of pleadings, motions or other papers filed in the action are not to be provided to the Judge or the Judge's Chambers.  A copy of a pleading, motion or other paper that has been previously filed in the action is not to be attached to a subsequently-filed pleading, motion or other paper; it may be adopted by reference.  If a party's exhibits in support of or in opposition to a motion exceed 50 pages in the aggregate, then that party must deliver a courtesy hard copy of those exhibits to Chambers by mail or hand delivery.

   d. Papers transmitted to the Court by facsimile will not be accepted for filing.  A copy of this Court's policy regarding the faxing of documents can be found on the Court's website, http://www.alsd.uscourts.gov.

  14. <u>MODIFICATION OF RULE 16 ORDERS</u>.  All parties are reminded that this scheduling order shall not be modified except upon a showing of good cause and by leave of Court.  An order entered after the final pretrial conference shall be modified only to prevent manifest injustice.  Rule 16(b)&(e), Fed.R.Civ.P.

  15. <u>SETTLEMENT/ADR</u>.  A substantial percentage of the civil actions filed in this Court eventually settle, so early settlement negotiations are strongly encouraged in order to preserve scarce judicial resources and litigation costs.  If settlement negotiations prove unsuccessful, the parties may seek further assistance through the procedures set forth in this Court's Alternative Dispute Resolution Plan.  Accordingly, the parties are **ORDERED** to file a written assessment of the possibility of resolving the issues in this case through a recognized ADR procedure.  The written assessment shall be filed as soon as possible during the discovery process

but no later than the close of discovery.  Rule 16(c)(2)(I).

      16.    LOCAL RULES.  All parties are reminded that the Local Rules of this district contain important requirements concerning the commencement of discovery,  motions to dismiss and for summary judgment, and other matters.  They are reprinted in ALABAMA RULES OF COURT (West Publishing Co.) and ALABAMA RULES ANNOTATED (The Michie Company), but are amended from time to time.  A current version may be obtained from the Clerk or downloaded from the Court's website, http://www.alsd.uscourts.gov.  Local Rule 5.5(a) proscribes the filing of most discovery materials.

      17.    SANCTIONS.  The unjustified failure of a party or a party's attorney to timely comply with the requirements of this scheduling order shall be deemed a failure to obey the scheduling order and shall subject said party or party's attorney to one or more of the sanctions authorized by Rule 16(f).

      18.    ELECTRONICALLY STORED INFORMATION.  The parties have provided their views and proposals with regard to how they will preserve and produce ESI. Any variance from these agreements must be explained fully if any motion covering the production and costs of ESI is filed.

      19.    PRELIMINARY SCHEDULING ORDER.  The parties have failed to comply with paragraph A.3. of the Preliminary Scheduling Order (Doc. 8) by not providing a brief narrative of the Plaintiff's causes of action and the Defenses asserted by the Defendants.  Since this information may be very helpful in the progression of this case and actually needed in future proceedings, the parties are to comply with this portion of the Court's Order

not later than **April 8, 2010.**

DONE AND ORDERED this the 25th day of March, 2010.

                                          s/WILLIAM E. CASSADY
                                        UNITED STATES MAGISTRATE JUDGE