# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| LINDA HILTON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  10-0010-KD-C |
| | ) | |
| AMERICA'S SERVICING CO., and | ) | |
| U.S. BANK NATIONAL ASSOCIATION, | ) | |
| as Trustee for the Structured Asset | ) | |
| Investment  Trust 2006-4, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This action is before the Court on the motion for summary judgment and brief in support

filed by defendants America's Servicing Co. (ASC) and U.S. Bank National Association, as

Trustee for the Structured Asset Investment Trust 2006-4 (US Bank) (docs. 17, 18).   Upon

consideration, and for the reasons set forth herein, the motion for summary judgment is

**GRANTED**.

I. Background

On February 14, 2006, Hilton entered into a loan transaction and executed a note and

mortgage with New Century Mortgage Corporation.  This loan was secured by a mortgage upon

her principal residence and was obtained in a consumer credit transaction which was primarily

for personal, family or household purposes (doc. 1, complaint, p. 3).  The mortgage was

subsequently assigned to US Bank (Id).  ASC services the mortgage loan for US Bank  (Id).   In

November 2009, Hilton was notified that US Bank had accelerated her loan and initiated

foreclosure proceedings (Id. p. 13).  On January 6 2010, Hilton filed her complaint and a motion

for temporary restraining order and injunction to stop the foreclosure (docs. 1, 3).  However,

defendant US Bank voluntarily stayed the foreclosure proceedings (doc. 18).

In Count One, Hilton claims that defendant ASC violated the provisions of the Real

Estate Settlement Procedures Act (RESPA), specifically 12 U.S.C. § 2605(e).  Hilton alleges that

ASC  "failed to respond to a Qualified Written Request [ ] for information regarding her

federally related mortgage loan" and filed derogatory credit information after receipt of the

QWR  (doc. 1, p. 2,  12, 14-15).

In Count Two, Hilton seeks rescission of her mortgage under the Truth in Lending Act

(TILA), 15 U.S.C. § 1635.  As grounds, Hilton claims that defendant US Bank, as the successor

in interest to her original lender, violated  TILA because it understated her finance charge by an

amount in excess of $35.00 and because a mortgage broker fee was not included as a finance

charge. 15 U.S.C. § 1640, *et seq*. (doc. 1, p. 16-17).

II. <u>Findings of Fact</u>

Local Rule 7.2(b) of the Southern District of Alabama, requires specification of any

disputed fact when responding to a Rule 56 motion for summary judgment and explains that

failure to do so will be interpreted as an admission that there is no material factual dispute.  The

Rule states as follows:

> Within thirty (30) days [of the filing of a motion for summary judgment] or as
> may be otherwise ordered, the party or parties in opposition shall file a brief in
> opposition thereto, **and, if it is contended that there are material factual
> disputes, shall point out the disputed facts appropriately referenced to the
> supporting document or documents filed in the action.  Failure to do so will
> be considered an admission that no material factual dispute exists;** provided,
> that nothing in this rule shall be construed to require the non-movant to respond in
> actions where the movant has not borne its burden of establishing that there is no
> dispute as to any material fact.

S.D.Ala.L.R. 7.2(b) (1997) (emphasis added)

Hilton did not respond to the motion for summary judgment. Thus, she did not dispute any facts in the defendants' statement of facts (doc. 18, p. 2-5). Therefore, under Local Rule 7.2(b), Hilton's failure "will be considered an admission that no material factual dispute exists". S.D. Ala. L.R. 7.2(b); see Mann v. Taser Intern., Inc., 588 F. 3d 1291, 1302-1303 (11th Cir. 2009) (giving deference to interpretation of local rule which provides that if a "party responding to a summary judgment motion does not directly refute a material fact set forth in the movant's Statement of Material Facts with specific citations to evidence, or otherwise fails to state a valid objection to the material fact pursuant to Local Rule 56.1B(2), such fact is deemed admitted by the respondent."); Patton v. City of Hapeville, Ga., 162 Fed. Appx. 895, 896 (11th Cir. 2006) (unreported opinion) ("We conclude from the record, however, that the district court properly held that the defendants' statement of undisputed facts filed with their motion for summary judgment were admitted when Patton failed to respond to the statement of facts in accordance with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Northern District of Georgia.").

Having determined that Hilton admits there are no material factual disputes, the Court adopts the following facts from the defendants' statement of undisputed facts (doc. 18, p. 2-5).

1. On February 14, 2006, Hilton executed a promissory note (the "Note") in favor of New Century Mortgage Corporation., which was secured by a mortgage (the "Mortgage") for real property located at 8030 Oak Hill Drive in Semmes, Alabama (the "Property") (doc. 1, at Ex. Q-4, Q-5).

2. Under terms of the Note and Mortgage, Hilton promised to pay the principal sum of $55,000.00 financed at a 9.325% interest rate over a term of 30 years (the "Loan") (doc. 1, at Ex. Q-5).

3. The Note and Mortgage were assigned to U.S. Bank, as Trustee for Structure Asset Investment Trust 2006-4 on December 7, 2009. (Declaration of Erin Hirzel Roesch, doc. 18, Ex. 1, at ¶ 3).

4. On January 23, 2009, Hilton contacted ASC regarding the creation of an escrow account for hazard insurance on the Property.  ASC created the escrow account on  February 12, 2009, and paid Geovera Specialty $2,511.14 for her hazard insurance premium. (doc. 18, Ex. 1, at ¶ 10).

5. The initial escrow deposit required by ASC was $3,817.78, calculated based on the annual amount of the hazard insurance premium and the next due date of the items in the requested escrow account (doc. 18, Ex. 1, at ¶ 11).  The amount of the insurance premium was divided over a 12-month term, and increased Hilton's monthly payment on the Note as a result (doc. 18, Ex. 1, at ¶  1).  Beginning May 1, 2009, Hilton's required payment on the Note was $982.88 (doc. 18, Ex. 1, at ¶ 11).

6. Hilton's Complaint insinuates that issues regarding automatic debits from two bank accounts resulted in her default status on the Loan.  Hilton's account was current, however, as of January 26, 2009 (doc. 18, Ex. 1, at ¶ 9.1) (footnote 1 omitted).

7. Hilton's default was actually caused by her refusal to make the increased payment on the Note (doc. 18, Ex. 1, at ¶ 12).  The terms of the Mortgage require that Hilton remit a full payment amount, including escrow amounts, before a payment will be credited to the Loan (doc. 18, Ex. 1, at ¶ 12; Doc. 1, at Ex. Q-4).

8. Hilton has failed to make a payment on the Note to ASC since August 2009 (doc. 18, Ex. 1, at ¶ 13).

9. On October 19, 2009, ASC received a letter from Hilton that requested a variety of

information regarding her Loan (doc. 18, Ex. 1, at ¶ 14; doc. 1, at Ex. N).

10. ASC responded to Hilton's letter on December 22, 2009. (doc. 18, Ex. 1, at ¶ 15, Ex. A.)

11. On November 18, 2009, U.S. Bank accelerated the Loan and initiated foreclosure proceedings against the Property (doc. 1, at Ex. P).

12. Hilton thereafter filed her Complaint in this action on January 6, 2010, alleging Defendants violated the Real Estate Settlement Procedures Act ("RESPA") and the Federal Truth in Lending Act ("TILA"), and claiming damages as a result of the violations (doc. 1).

13. After receiving notice of this action, foreclosure proceedings have been halted (doc. 18, Ex. 1, at ¶ 16).

III. Conclusions of law

A. Summary judgment standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If a party asserts "that a fact cannot be or is genuinely disputed", the party must

> (A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A)(B).

The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The party

seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991) quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).

Once the moving party has satisfied its responsibility, the burden shifts to the nonmovant to show the existence of a genuine issue of material fact. Id. "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determination of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 999 (11th Cir. 1992) citing Anderson v. Liberty Lobby, 477 U.S. 242, 255, 106 S.Ct. 2505 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-159, 90 S.Ct. 1598, 1608-1609 (1970). However, "[a] moving party is entitled to summary judgment if the nonmoving party has 'failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.'" In re Walker, 48 F. 3d 1161, 1163 (11th Cir. 1995) quoting Celotex Corp., 477 U.S. at 323, 106 S. Ct. at 2552.

Overall, the Court must "resolve all issues of material fact in favor of the [non-movant], and then determine the legal question of whether the [movant] is entitled to judgment as a matter of law under that version of the facts." McDowell v. Brown, 392 F.3d 1283, 1288 (11th Cir. 2004) citing Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003).

However, the mere existence of any factual dispute will not automatically necessitate denial of a motion for summary judgment; rather, only factual disputes that are material preclude

entry of summary judgment. Lofton v. Secretary of Dept. of Children and Family Services, 358 F.3d 804, 809 (11th Cir. 2004). "An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. It is genuine if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Reeves v. C.H. Robinson Worldwide, Inc., 594 F.3d 798, 807 (11th Cir. 2010) (citation omitted). Also, "what is considered to be 'facts' at the summary judgment stage may not turn out to be the actual facts if the case goes to trial, but those are the facts at this stage of the proceeding for summary judgment purposes." Cottrell v. Caldwell, 85 F.3d 1480, 1486 (11th Cir. 1996).

Also, although the Court must view the evidence in the light most favorable to Hilton as the non-movant, see Battle v. Board of Regents for Ga., 468 F.3d 755, 759 (11th Cir. 2006), Hilton still "bears the burden of persuasion" and must produce evidence, such as affidavits, deposition testimony, or answers to interrogatories or admissions and "set forth specific facts showing that there is a genuine issue for trial." Beard v. Banks, 548 U.S. 521, 126 S.Ct. 2572, 2578 (2006) (citations omitted). "[C]onclusory allegations based on subjective beliefs [are not] sufficient to create a genuine issue of material fact." Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000).

By failing to respond, Hilton has failed to meet her burden. However, the "mere failure of the non-moving party to create a factual dispute does not automatically authorize the entry of summary judgment for the moving party". Dixie Stevedores, Inc. v Marinic Maritime, Ltd., 778 F. 2d 670, 673 (11th Cir. 1985). Instead "Rule 56 requires the moving party to demonstrate the absence of a genuine issue of fact." Id.

In United States v. One Piece of Real Property, 5800 S.W. 74th Ave., Miami, Florida, 363 F.3d 1099 (11th Cir. 2004), the Eleventh Circuit held that "[t]he district court cannot base the

entry of summary judgment on the mere fact that the motion was unopposed but, rather, must

consider the merits of the motion", Id. at 1101; see also Trustees of the Central Pension Fund of

the International Union of Operating Engineers and Participating Employers v. Wolf Crane

Service, Inc., 374 F. 3d 1035, 1040 (11th Cir. 2004) (vacating and remanding the district court's

grant of summary judgment, in part, "[b]ecause summary judgment cannot be granted as a

sanction for merely failing to file a response to a motion for summary judgment[.]")

> The Eleventh Circuit further explained that

> > [t]he district court need not *sua sponte* review all of the evidentiary
> > materials on file at the time the motion is granted, but must ensure
> > that the motion itself is supported by evidentiary materials. [] At
> > the least, the district court must review all of the evidentiary
> > materials submitted in support of the motion for summary
> > judgment. The district court cannot grant a motion for summary
> > judgment merely for lack of any response by the opposing party,
> > since the district court must review the motion and the supporting
> > papers to determine whether they establish the absence of a
> > genuine issue of material fact. In addition, so that there can be an
> > effective review of the case on appeal, the district court's order
> > granting summary judgment must indicate that the merits of the
> > motion were addressed.

One Piece of Real Property, 363 F.3d at 1101-1102 (citations, internal quotations and footnote

omitted). Thus, even though the Court has deemed admitted the defendants' proposed findings

of fact, the Court must "still review the movant's citations to the record to determine if there is,

indeed, no genuine issue of material fact"such that granting summary judgment would be

appropriate. Mann, 588 F. 3d at 1303 (citing Reese v. Herbert, 527 F.3d 1253, 1269 (11th

Cir.2008); Fed. R. Civ. P. 56(e)(2).[1] "Even in an unopposed motion, the moving party still bears

---

[1] "When a motion for summary judgment is properly made and supported, an opposing
party may not rely merely on allegations or denials in its own pleading; rather, its response
must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine
issue for trial. If the opposing party does not so respond, summary judgment should, *if*
(Continued)

the burden of identifying 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." Id. (quoting Celotex Corp, 477 U.S. at 323, 106 S.Ct. at 2553). The Court will "confine" its " review of the record to the materials submitted by [defendants] in support of [their] summary judgment motion. Mann, 588 F.3d at 1303.

B. Count One

Hilton claims that defendant ASC violated RESPA by failing to respond to her Qualified Written Request. Hilton alleges that ASC neither acknowledged receipt nor provided the information requested. Hilton also claims that ASC violated RESPA by placing derogatory information in her credit file. Hilton seeks damages based upon these alleged violations.

Qualified Written Request

On motion for summary judgment, ASC admits that it cannot find proof that it sent Hilton an acknowledgement of receipt of her QWR within twenty (20) days of receipt (doc. 18, p. 7). However, ASC argues that it did respond by sending Hilton a detailed report within sixty (60) days and thus satisfied its obligation under RESPA (doc. 18, Ex. 1, Roesch Declaration at ¶ 15, and Ex. A, copy of letter). ASC also argues that Hilton can not establish any actual damages based on its failure to send the acknowledgement of receipt.

Hilton brings this claim based on RESPA § 2605(e), captioned "Duty of loan servicer to respond to borrower inquiries", which provides as follows:

(1) Notice of receipt of inquiry

(A) In general

_____

*appropriate*, be entered against that party." Fed. R. Civ. P. Rule 56(c)(2) (emphasis added).

If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.

(B) Qualified written request

For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that--

(i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and

(ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

(2) Action with respect to inquiry

Not later than 60 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall--

(A) make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower);

(B) after conducting an investigation, provide the borrower with a written explanation or clarification that includes--

(i) to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and

(ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower; or

(C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes--

(i) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and

(ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

12 U.S.C. § 2605(e).

As to damages, RESPA provides that

Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:

(1) Individuals

In the case of any action by an individual, an amount equal to the sum of--

(A) any actual damages to the borrower as a result of the failure; and

(B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000.

12 U.S.C. § 2605(f)

ASC does not dispute the fact that Hilton sent a QWR to ASC. Thus, the Court must determine, viewing the undisputed facts in the light most favorable to Hilton, whether ASC notified Hilton of receipt, whether ASC took action upon her request, and whether she was damaged as a result of any violation of these requirements. See Rawlings v. Dovenmuehle

Mortg., Inc., 64 F.Supp.2d 1156, 1161 (M.D. Ala. 1999) (addressing a RESPA claim under 12

U.S.C. § 2605(e)(1) and (2) and explaining that the "RESPA issues before the court are: (1)

whether Plaintiffs sent any qualified written requests to Defendant; (2) whether Defendant

properly sent notice of receipt of such qualified written request to Plaintiffs; (3) whether

Defendant properly took action with respect to such qualified written request; and (4) whether

Plaintiffs suffered actual damages as a result of any alleged RESPA violation.").

ASC admits that it cannot prove that it sent Hilton an acknowledgment of receipt.

However, the undisputed facts establish that ASC provided Hilton with a five page response to

the QWR. Once the defendant presents evidence in support of its factual allegations, such as the

declaration and copy of the letter, the plaintiff must rebut that evidence. However, Hilton has

not provided any evidence to support her allegation in the complaint that she did not receive the

report. Moreover, although ASC admits that it cannot prove that it sent an acknowledgment of

receipt within twenty (20) days of receipt, Hilton has not provided any evidence that she

sustained any damages because of that failure. "In order to defeat summary judgment, [ ] the

non-moving party must do more than simply show that there is some metaphysical doubt as to

the material facts. The non-moving party must make a sufficient showing on each essential

element of the case for which he has the burden of proof." Alexander v. Opelika City Schools,

352 Fed.Appx. 390, 392 (11th Cir. 2009). Thus Hilton has failed to make a sufficient showing

on an essential element of her case upon which she has the burden of proof.

ASC has met its burden to "demonstrate the absence of a genuine issue of material fact." Mann,

588 F. 3d at 1303 (citation omitted). See Sellers v. GMAC Mortg. Group, Inc., 298 Fed. App.

924 (11th Cir. 2008) (affirming the district court's grant of summary judgment even though

Sellers was not notified at the summary judgment stage that the court would consider damages or

harm because on motion for reconsideration and his brief on appeal, Sellers "failed to do anything more than state that if given the chance he will itemize his damages").

Derogatory credit information

Hilton claims that ASC filed derogatory credit information during the time period following its receipt of her QWR. ASC argues that this claim fails because Hilton cannot establish by competent evidence that reporting of any inaccurate information caused her actual damages. ASC argues that Hilton failed to allege either a denial of credit, pecuniary loss or actual harm based on the alleged derogatory credit reporting.

Paragraph (3) of § 2605(e), captioned, "Protection of credit rating", sets forth as follows:

During the 60-day period beginning on the date of the servicer's receipt from any borrower of a qualified written request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency (as such term is defined under section 1681a of Title 15).

12 U.S.C. § 2605(e)(3).

Again, to defeat summary judgment Hilton "must make a sufficient showing on each essential element of the case for which he has the burden of proof." Alexander, 352 Fed.Appx. at 392. However, in the complaint, Hilton does not allege any facts to support her claim that ASC "has filed derogatory credit information against Plaintiff during the time period following its receipt of the QWR." (doc. 1, Count One, p. 15, ¶ 79). Also, since Hilton did not respond to the motion for summary judgment, she did not provide the Court with any evidence that ASC actually filed derogatory credit information or, if so, that she was damaged because of that filing. Consequently, on motion for summary judgment, ASC has met its burden to "demonstrate the absence of a genuine issue of material fact" Mann, 588 F. 3d at 1303 (citation omitted), because there are simply no facts supported by sufficient evidence to support this claim. Therefore,

summary judgment is granted in favor of ASC.

     C.  <u>Count Two</u>

Hilton claims that US Bank violated TILA because it failed to provide certain disclosures required under TILA before closing on the loan transaction. Hilton also seeks rescission of her loan with US Bank pursuant to § 1635 of the TILA as well as other injunctive relief and damages.

     <u>Failure to disclose</u>

US Bank argues that any claim for relief under TILA, but for the right of rescission, is time barred by the one year statute of limitation in 15 U.S.C. § 1640(e). US Bank argues that Hilton's loan is a closed-end consumer credit plan and therefore any disclosure violation occurred no later than the date of closing the loan since that is when TILA disclosures must be made. US Bank states that the loan closed February 14, 2006, almost four years before the complaint was filed on January 6, 2010.

Relevant to this claim, TILA § 1640(e), captioned "Civil liability", provides that "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation . . ." 15 U.S.C. § 1640(e). There is no dispute of fact that Hilton's loan closed February 14, 2006 and her lawsuit was filed January 6, 2010 (doc. 1, complaint; Roesch Declaration, doc. 18-1, p. 1). By providing the Declaration, US Bank met its burden to "demonstrate the absence of a genuine issue of material fact." <u>Mann, 588 F. 3d at 1303</u> (citation omitted). Thus, Hilton's TILA claims other than her claim for rescission are time-barred by this statute of limitation. Therefore, summary judgment is granted in favor of US Bank as to these claims.

Rescission

Hilton also sought rescission of her loan pursuant to TILA § 1635(a).  US Bank argues

that Hilton's right to rescind expired February 14, 2009, or three years after her loan closed on

February 14, 2006, and before her complaint was filed January 6, 2010.  US Bank argues that

Hilton's claim for rescission is barred by the three year statute of repose found in 15 U.S.C. §

1635(f).  That section, captioned "Time limit for exercise of right", sets forth as follows:

> An obligor's right of rescission shall expire three years after the date of
> consummation of the transaction or upon the sale of the property, whichever
> occurs first, notwithstanding the fact that the information and forms required
> under this section or any other disclosures required under this part have not been
> delivered to the obligor, except that if (1) any agency empowered to enforce the
> provisions of this subchapter institutes a proceeding to enforce the provisions of
> this section within three years after the date of consummation of the transaction,
> (2) such agency finds a violation of this section, and (3) the obligor's right to
> rescind is based in whole or in part on any matter involved in such proceeding,
> then the obligor's right of rescission shall expire three years after the date of
> consummation of the transaction or upon the earlier sale of the property, or upon
> the expiration of one year following the conclusion of the proceeding, or any
> judicial review or period for judicial review thereof, whichever is later.

12 U.S.C. § 1635(f).

US Bank also relies upon Beach v. Ocwen Federal Bank, 523 U.S. 410 (1998).  After

discussing the terms of "typical statutes of limitation", the Supreme Court, stated that

> Section 1635(f), however, takes us beyond any question whether it limits more
> than the time for bringing a suit, by governing the life of the underlying right as
> well. The subsection says nothing in terms of bringing an action but instead
> provides that the "right of rescission [under the Act] shall expire" at the end of the
> time period. It talks not of a suit's commencement but of a right's duration, which
> it addresses in terms so straightforward as to render any limitation on the time for
> seeking a remedy superfluous. There is no reason, then, even to resort to the
> canons of construction that we use to resolve doubtful cases, such as the rule that
> the creation of a right in the same statute that provides a limitation is some
> evidence that the right was meant to be limited, not just the remedy.

Beach, 523 U.S. at 417.

As previously stated, there is no dispute of fact that Hilton's loan closed on February 14, 2006 and her lawsuit was filed on January 6, 2010 (doc. 1, complaint; Roesch Declaration, doc. 18-1, p. 1), and that by providing the Declaration, US Bank met its burden to "demonstrate the absence of a genuine issue of material fact." Mann, 588 F. 3d at 1303 (citation omitted). Thus, by operation of this statute, Hilton's right of rescission expired February 14, 2009, before her lawsuit was filed, and US Bank is entitled to judgment as a matter of law. Therefore, summary judgment is granted in favor of US Bank as to this claim.

IV. Conclusion

Accordingly, upon consideration of the evidence and for the reasons set forth herein, the Court finds that there is no genuine issue of material fact and defendants are entitled to judgment as a matter of law. Accordingly, defendants' motion for summary judgment is GRANTED.

Judgment shall be entered by separate document as provided in Rule 58 of the Federal Rules of Civil Procedure.

DONE and ORDERED this 11th day of February, 2011.

s / Kristi K DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE